| | | |
|---|---|---|
| **CHALMETTE DENTAL ASSOCIATES, LLC: DR. JOSEPH R. LACOSTE, JR., DR. JEFFREY WIGGINS, DR. JEFFREY SNITZER AND DR. KHALIQ KHAN** | * | **NO. 2020-CA-0328** |
| | * | |
| | | **COURT OF APPEAL** |
| | * | |
| | | **FOURTH CIRCUIT** |
| | * | |
| **VERSUS** | | **STATE OF LOUISIANA** |
| | * * * * * * * | |
| **MZADEHDDS LLC AND MOHAMMAD ZADEH** | | |

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 18-1592, DIVISION "DIVISION D"
Honorable Darren M Roy,
* * * * * *
**Judge Edwin A. Lombard**
* * * * * *

(Court composed of Judge Terri F. Love, Judge Edwin A. Lombard, Judge Tiffany G. Chase)

Brian M. Ballay
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
201 St. Charles Ave., Suite 3600
New Orleans, LA 70170

    COUNSEL FOR PLAINTIFF/APPELLEE

Matthew A. Sherman
Patrick R. Follette
Nicholas R. Varisco
CHEHARDY SHERMAN WILLIAMS MURRAY RECILE STAKELUM & HAYES, LLP
One Galleria Blvd., Suite 1100
Metairie, LA 70001

    COUNSEL FOR DEFENDANTS/APPELLANTS

                  **AFFIRMED**

**MARCH 3, 2021**

The defendant, Mohammed Zadeh, D.D.S. ("Dr. Zadeh"), appeals the district court judgment granting summary judgment in favor of the plaintiff, Chalmette Dental Associates ("Chalmette Dental"), as to the valuation method provided in the contract between the parties when, as in this case, the membership interest at issue is less than five years old. After *de novo* review, we find no error in the judgment of the district court.

***Relevant Facts and Procedural History***

The only issue before us in this devolutive appeal is the amount that Dr. Zadeh is entitled to be paid for his membership interest in Chalmette Dental, a limited liability company governed by its operating agreement, the Agreement to Provide Professional Dental Services ("the Agreement"). Dr. Zadeh entered into the Agreement with Chalmette Dental in January 2014 and, almost a year later (on January 1, 2015), became a member of Chalmette Dental pursuant to the execution of a Transfer of Interest and Pledge, thereby acquiring a twenty-five percent interest in the company. Subsequently, Dr. Zadeh acquired a piece of property

1

next to the offices of Chalmette Dental without notice to his fellow members and, shortly thereafter (on October 29, 2018), received a Notice of Termination for Cause. The Notice of Termination for Cause included a notice that the agreement of January 2014 would not be renewed.

On November 5, 2018,[1] Chalmette Dental filed this lawsuit alleging that, contrary to the terms of the membership agreement, Dr. Zadeh used confidential information (specifically, the need to acquire land to use as additional parking spaces for patients) to cause harm to Chalmette Dental. In response, Dr. Zadeh filed an answer, affirmative defense, and reconventional demand wherein he argued that, although he was required to sell back his membership interest based upon the termination and/or non-renewal of his contract with Chalmette Dental, the Chalmette Dental Operating Agreement does not provide a method for determining the value of the membership interest if the membership is "is redeemed within five years from the date of admission." Therefore, he argues, he is entitled to compensation pursuant Section 7.7 of the Agreement, the provision applicable to interests owned for more than five years.

Chalmette Dental disagreed and moved for partial summary judgment, asserting that it is entitled to summary judgment as a matter of law because the Agreement is clear and unambiguous that Section 7.7 is applicable to interests owned for less than five years. The district court agreed, granting summary judgment in favor of Chalmette Dental.

---

[1]The dates in the Chronological Index of the record do not correspond with the dates filed as indicated on the pleadings, nor do the dates in the index appear in a logical chronological order. Accordingly, the dates recited in this opinion are the dates indicated on the pleadings rather than the index.

Dr. Zadeh timely filed this devolutive appeal.

*Standard of Review*

A district court's ruling on summary judgment is reviewed *de novo*, using the same criteria that governs the district court's consideration of whether summary judgment is appropriate, *i.e.,* whether there is any genuine issue of material fact and whether the movant is entitled to as a matter of law. *Wright v. Louisiana Power & Light,* 2006-1181, p. 17 (La. 3/9/07), 951 So.2d 1058, 1070.

*Summary Judgment*

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Beer Indus. League of Louisiana v. City of New Orleans,* 2018-0280, p. 7 (La. 6/27/18), 251 So. 3d 380, 385-86. Summary judgment, designed to secure the just, speedy, and inexpensive determination of civil actions (with the exception of certain domestic matters), is favored under Louisiana law. La. Code Civ. Proc. art. 966(A)(2). Accordingly, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law." La. Code Civ. Proc. art. 966(A)(3).

*Burden of Proof*

On motion for summary judgment, the burden of proof remains with the movant. La. Civ. Code art. 966(D)(1). However, when a moving party will not bear the burden of proof at trial and points out there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then

3

the burden is on the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. *Id.*

## Discussion

The only issue before us is which provision in the Agreement is applicable in this matter to determine the amount due to Dr. Zadeh for his membership interest in Chalmette Dental. Article VII of the Agreement between the parties, entitled "Changes in Member," provides in pertinent part:

> 7.1 *Admission of Members*. The Members by unanimous vote may admit to the Company additional Member(s) who will participate in the profits, losses, available cash flow, and ownership of the assets of the Company on such terms and conditions as are determined by all of the then existing Members of the Company.

> 7.2 *Voluntary Withdrawal or Resignation of a Member*. Transfer and Assignment of Members' Ownership Interest: Right of First Refusal. Any Member wishing to withdraw or resign from Membership shall give not less than forty-five (45) days prior written notice to the Company at its Principal Office and to each Member at their respective addresses as set forth on the records of the Company. **Any member withdrawing or resigning within five (5) years of the date of his admission to Membership shall be entitled only to whatever distribution has been declared but not yet issued, as determined by the books and records, and, within one hundred eighty (180) days after his withdrawal or resignation, to an amount equal to the amount initially paid for his acquisition of the Membership Interest.** If purchased by the Company, the interest of the withdrawing Member shall be returned to the Company. **Any member withdrawing or resigning after five (5) years of the date of his admission to Membership shall be entitled only to whatever distribution has been declared but not yet issued, as determined by the books and records,** and, within one hundred eighty (180) days after his withdrawal or resignation, to an amount equal to the value of the interest . . . . (Emphasis added).

> \* \* \*

> Any Member desiring to transfer an ownership interest of the Company must first offer said ownership interest in writing to Joseph R. Lacoste, Jr. **If the offer is made within five (5) years of the date of his admission to membership, Lacoste shall have the right to acquire said interest for an amount equal to the amount initially paid for acquisition of the Membership Interest**, payable within

4

one hundred eighty (180) days in cash or, if there is any other debt due to Lacoste by the Member, cash minus the amount of any such remaining debt, and the forgiveness of the debt. If the offer is made after five (5) years of the date of the acquisition of the membership interest, Lacoste shall have the right to acquire said interest for an amount equal to the value of the interest as of the date of the Member's withdrawal or resignation determined in accordance with Section 7.9 hereof, minus the amount of any debt owed to Lacoste by the Member. (Emphasis added).

Whenever Lacoste, any other Member or the Company purchases the Ownership Interest of another Member, **whether in the event of withdrawal, resignation, termination or voluntary transfer, once the value is determined as set forth herein under Section 7.2 or 7.9,** the Member entitled to payment shall then have the option of being paid in one of the following manners, and shall give written notice of which option is chosen . . . (emphasis added).

\* \* \*

7.7 *Member's Obligation to Sell*. **Upon the termination or non-renewal of the Professional Services Agreement with the Company** . . . shall sell all of the Ownership Interest of the terminee/deceased to the Company in accordance with either Section 7.2 or 7.9 as the case may be. (Emphasis added).

\* \* \*

7.9 *Value*. **After five (5) years from date of admission, the value of the Ownership Interest of a Member shall be established by** taking (a) an amount equal to seventy (70%) percent of the first million dollars, sixty (60%) percent of the next million dollars and fifty (50%) percent of the remainder of (b) the total of the collections as reported on financial statements for the immediately preceding twelve (12) full months, adjusted downward to reflect the future loss for a similar period of the withdrawing or resigning Member's gross productivity, (c) multiplied by the percentage of Ownership of the Member, (emphasis added)

\* \* \*

*Analysis*

It is undisputed that at the time of his termination Dr. Zadeh's membership in Chalmette Dental was less than five years old. Dr. Zadeh argues, however, that because Section 7.2 of Article VII (which addresses withdrawal when the member is with the business less than five years) of the

Agreement does not specifically address valuation of the membership when the member's withdrawal is because of termination, he must be compensated in accordance with Section 7.9 of Article VII. This argument is without merit. Section 7.9 clearly states it is applicable only to membership interests held more than five years and, thus, is clearly inapplicable to Dr. Zadeh's membership interest. In addition, contrary to Dr. Zadeh's argument, Section 7.7 explicitly applies Section 7.2 to transfers triggered by the termination of a member's service contract with the company. Accordingly, the only reasonable interpretation of the Agreement that does not lead to absurd conclusions is that Dr. Zadeh's membership interest must be valued in accordance with Section 7.2. To reiterate, Section 7.9 does not apply to Dr. Zadeh's membership interest because it does not meet the five-year threshold. Section 7.2 does not explicitly reference termination of services as a basis for withdrawal, but Section 7.7 states that Section 7.2 is applicable when a member's services are terminated. Therefore, Section 7.2 is clearly applicable in this case wherein Dr. Zadeh's services were terminated within the five-year period. Therefore, under the terms of the Agreement, Chalmette Dental is entitled to summary judgment as a matter of law and the purchase price for Dr. Zadeh's interest is valued in accordance with Section 7.2.

### *Conclusion*

After *de novo* review, we find that Chalmette Dental is entitled to partial summary judgment as a matter of law. Accordingly, the district court judgment is affirmed.

**AFFIRMED**

6